**RICKEY IVIE, Esq. (SBN 76864)**
*rivie@imwlaw.com*
**RODNEY S. DIGGS, Esq. (SBN 274459)**
*rdiggs@imwlaw.com*
**IVIE, McNEILL & WYATT**
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile:   (213) 489-0552

Attorneys for Defendants,
**COUNTY OF LOS ANGELES, et al.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HUMBERTO RENTERIA, ROBERTO CRUZ, HECTOR OLIVA, <br><br> *Plaintiffs,* <br> v. <br><br> COUNTY OF LOS ANGELES, Sheriff LEE BACA, L. ORRELLANA, #513813, D. FERNANDEZ, #472723, Deputy COULTER, #471332, Deputy MAGANA, #515343, Deputy MORAN, #516553, Deputy HUNTER, #515342, Deputy BORGES, #503657, Deputy GIGGLES, #515584, Deputy Takashima #451030, Deputy Keffer #512433, SERGEANT R. DAILY, DEPUTY FRANCOIS; DEPUTY ANTHONY MALDONADO; DEPUTY OVALLE and DOES 1-10, <br><br> *Defendants* | Case No. CV13-00834JVS(VBKx) [Hon. James V. Selna, Courtroom 10C] <br><br> DEFENDANTS' MOTION FOR RECONSIDERATION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' BANE ACT CLAIM, DECLARATION OF RODNEY S. DIGGS |

**TO THE HONORABLE COURT, AND TO THE PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:**

COMES NOW Defendants, COUNTY OF LOS ANGELES ("COLA"), Deputy COULTER, Deputy MAGANA, Deputy HUNTER and Deputy TAKASHIMA, through its undersigned counsels of record, and hereby submits its memorandum of points and authorities in support of a motion for reconsideration of the Court's order denying summary judgment as to Plaintiffs' Bane Act claim.

Good cause exists for hearing this application on an ex parte basis because trial is scheduled for November 25, 2014.  Accordingly, Defendants are now preparing for trial.  It will be in the interest of judicial economy if the Court considers the motion for reconsideration.  Furthermore, it will not prejudice either party.  On the other hand, Defendants will be prejudiced because Defendants will waste valuable resources preparing for trial to hear a regularly noticed motion.

///

///

///

///

///

///

CASE NO.: CV13-00834

Plaintiffs are hereby advised that opposition to the instant Ex Parte Application must be filed not later than 24 hours after fax or personal service of the papers herein. If counsel does not intend to oppose this Ex Parte Application, counsel must so inform the Court Clerk by telephone. This Ex Pate Application is made pursuant to Local Rules 7-2, 7-4 through 7-8, and 7-19, et seq., following notice to all parties of Defendants' Ex Parte Application on October 8, 2014.

**Dated: October 14, 2014**            **IVIE, McNEILL & WYATT**

**By:    ___/s/ Rodney S. Diggs_____**
**RICKEY IVIE**
**RODNEY S. DIGGS**
**Attorney for Defendant,**
**COUNTY OF LOS ANGELES, et. al.**

# Table of Contents

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................3

I.     SUMMARY OF ARGUMENT.................................................3

II.    APPLICABLE STANDARD FOR RECONSIDERATION .........................3

III.   APPLICABLE STANDARD FOR RECONSIDERATION .........................4

IV.   FACTS ...........................................................................5

V.    ARGUMENT....................................................................7

    A. PLAINTIFF FAILED TO PLEAD A CAUSE OF ACTION FOREXCESSIVE FORCE AND THERE COURT GRANTED SUMMARY JUDGMENT AS TO ARREST WITHOUT PROBABLE CAUSE, THEREFORE, AS A MATTER OF LAW, THERE CANNOT BE A FINDING THAT COERCION IS INHERENT IN EXCESSIVE FORCE AND BECAUSE THE DEPUTIES HAD PROBABLE CAUSE TO ARREST PLAINTIFFS.......7

       i. RODRIGUEZ V. CITY OF MODESTO.................................7

      ii. YOUNBLOOD V. CITY OF BAKERSFIELD .....................16

     iii. DAVIS V. CITY OF SAN JOSE ........................................18

     iv. DV v. SUNNYVALE ......................................................21

VI.   CONCLUSION ................................................................26

**Cases**

*Austin B. v. Escondido Union School Dist.*
149 Cal.App.4th 860, 883, 57 Cal.Rptr.3d 454 (2007) ..............................................9

*Backlund v. Barnhart*
(9th Cir. 1985) 778 F2d 1386, 1388 ...................................................................3, 4

*Barsamian v. City of Kingsburg*
597 F.Supp.2d 1054, 1057 (E.D.Cal.2009) ...........................................................9

*Bass v. City of Fremont*
2013 WL 891090 (N.D.Cal. Mar.8, 2013)................................................. 11, 19, 25

*Bender v. County of Los Angeles*
217 Cal.App.4th 968, 159 Cal.Rptr.3d 204 (2nd Dist.2013).... 13, 14, 15, 16, 17, 18
20, 21, 23, 25

*Cardoso v. Cnty. of San Mateo*
2013 WL 900816 (N.D. Cal. Jan .11, 2013)............................................... 11, 12, 19

*Davis v. City of San Jose*.............................................................................. 5, 18, 21

*D.V. v. City of Sunnyvale* ....................................................................................5, 21

*Dillman v. Tuolumne Cnty.*
2013 WL 1907379, 1:13–cv–00404 LJO SKO (E.D.Cal. May 7, 2013) ......... 13, 15

*Holland v. City of San Francisco*
2013 WL 968295 (N.D.Cal.Mar.12, 2013).........................................................5, 12

*Hunter v. City & Cnty. of San Francisco*

No. 11–4911 JSC, 2012 WL 4831634 (N.D.Cal. Oct. 10, 2012)...........................19

*Jones v. Kmart Corp.*

17 Cal.4th 329, 70 Cal.Rptr.2d 844, 949 P.2d 941 (1998) ........................................9

*Knapps v. City of Oakland*

647 F.Supp.2d 1129, 1168–69 (N.D.Cal.2009) ......................................................22

*Lanier v. City of Fresno*

No. CV F 10–1120 LJO SKO, 2011 WL 149802, at *4 (E.D.Cal. Jan. 18, 2011)..19

*Luong v. City & Cnty. of San Francisco*

No. C11–5661 MEJ, 2012 WL 5869561 (N.D.Cal. Nov. 19, 2012) ......................19

*M.H. v. Cnty. of Alameda*

2013 WL 1701591 (N.D.Cal. Apr.18, 2013) ............................................. 13, 17, 25

*Ohlsen v. Cnty. of San Joaquin*

No. 06–CV02361 GEB, 2008 WL 2331996, at *5 (E.D.Cal. June 4, 2008)...........22

*Rodriguez v. City of Fresno*

819 F.Supp.2d 937, 953, 1:09–cv–01176 AWIMJS (E.D.Cal.2011).................9, 16

*Rodriguez v. City of Modest*
*No. 1:10-CV-01370-LJO, 2013 WL 6415620, at 10-13 (E.D.Cal.Dec. 9, 2013)* .......
5, 7, 17, 19, 20

*School Dist. No. IJ, Multnomah County v. ACandS, Inc.*
(9th Cir. 1993) 5 F3d 1255, 1266 .................................................................3, 4

*Sanders v. Clemco Industries*
(8th Cir. 1988) 862 F2d 161, 168 ................................................................3, 4

*Santo v. City of Culver City*
228 Fed.Appx. 655, 659 (9th Cir.2007).........................................................22

*Shoyoye v. County of Los Angeles*
203 Cal.App.4th 947, 959, 137 Cal.Rptr.3d 839 (2012) ...... 9, 10, 11, 12, 14, 16, 17
19, 20 21, 23, 24, 25, 26

*Skeels v. Pilegaard*
2013 WL 970974, at *4 (N.D.Cal. Mar.12, 2013)..................................................12

*Taylor v. Knapp*
(9th Cir. 1989) 871 F2d 803, 805 ...............................................................3, 4

*Venegas v. County of Los Angeles*
 32 Cal.4th at 843, 850–51, 11 Cal.Rptr.3d 692, 87 P.3d 1 ........ 9, 10, 12, 20, 23, 25

*Youngblood v. City of Bakersfield* .............................................................5

**Statutes**

California Code of Civil Procedure § 52. 1, .. 5, 6, 7, 8, 9, 10, 15, 19, 21, 22, 23, 24, 25, 26

California Penal Code § 148(a)..................................................................20

Federal Rule of Civil Procedire 60(b).................................................3, 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    SUMMARY OF ARGUMENT

Defendants moves for reconsideration of the Court's ruling denying Defendants' Motion for Summary Judgment as to Plaintiffs' Bane Act Claim on the following grounds: The Court's need to correct clear error or prevent manifest injustice.

Accordingly, based on the above, the Court should reconsider its prior ruling and Grant Defendants' Motion for Summary Judgment as to the Bane Act Claim.

## II.   APPLICABLE STANDARD FOR RECONSIDERATION

Either party may seek reconsideration of the ruling on a summary judgment motion. *Taylor v. Knapp* (9th Cir. 1989) 871 F2d 803, 805; FRCP 60(b) ( "The court may relieve a party from a final judgment, order or proceeding... "); *See Backlund v. Barnhart* (9th Cir. 1985) 778 F2d 1386, 1388; *Sanders v. Clemco Industries* (8th Cir. 1988) 862 F2d 161, 168. Reconsideration is appropriate where: the district court is presented with newly-discovered evidence, or the district court "committed clear error or the initial decision was manifestly unjust," or there is an intervening change in controlling law. *School Dist. No. IJ, Multnomah County v. ACandS, Inc.* (9th Cir. 1993) 5 F3d 1255, 1266.

Defendants move for reconsideration of the Court's Order denying Defendants' Motion for Summary Judgment as to the Bane Act claim on the grounds that the order was in clear error and the order is manifestly unjust as discussed herein.

Accordingly, based on the above, the Court should reconsider its prior ruling and Grant Defendants' Motion for Summary Judgment as to the Bane Act Claim.

## III.     APPLICABLE STANDARD FOR RECONSIDERATION

Either party may seek reconsideration of the ruling on a summary judgment motion. *Taylor v. Knapp* (9th Cir. 1989) 871 F2d 803, 805; FRCP 60(b) ( "The court may relieve a party from a final judgment, order or proceeding... "); *See Backlund v. Barnhart* (9th Cir. 1985) 778 F2d 1386, 1388; *Sanders v. Clemco Industries* (8th Cir. 1988) 862 F2d 161, 168. Reconsideration is appropriate where: the district court is presented with newly-discovered evidence, or the district court "committed clear error or the initial decision was manifestly unjust," or there is an intervening change in controlling law. *School Dist. No. IJ, Multnomah County v. ACandS, Inc.* (9th Cir. 1993) 5 F3d 1255, 1266.

Defendants move for reconsideration of the Court's Order denying Defendants' Motion for Summary Judgment as to the Bane Act claim on the

grounds that the order was in clear error and the order is manifestly unjust as discussed herein.

**IV.      FACTS**

On August 4, 2014, Defendants filed their motion for summary judgment as to Plaintiffs' Third Amended Complaint.  On September 29, 2014, the Court allows oral arguments and grants Defendants motion for summary judgment as to the federal causes of action and take the Bane Act claim under submission.  Initially, the Court's tentative was to GRANT Defendants' motion in its entirety.  We Court initially stated that Plaintiffs' could not succeed on their Bane Act claim because they failed to include a cause of action for excessive force.  Defendants agree!  However, in the minutes issued by the Court on October 2, 2014, the Court stated that its tentative relied on earlier decisions, but California case law decided that the requirements of section 52.1 may be met by the coercive nature of the use of excessive force.  The Court cited to *Rodriguez v. City of Modesto*, *Holland v. City of San Francisco*, *Youngblood v. City of Bakersfield*, *Davis v. City of San Jose* and *D.V. v. City of Sunnyvale*.  The case law cited by the Court that coercion is inherent within use of excessive force.  However, the aforementioned case state that the requirements of section52.1 are coercive in nature if a party has a cause of action for excessive force or if the arrest was unlawful.  Because the court granted

CASE NO.: CV13-00834

summary judgment as to Plaintiffs' claim for unlawful arrest and there was no cause of action for excessive force, there can be no argument of inherent coercion without such finding.  Therefore, plaintiff would be required to meet the two prong standard.  Accordingly, Plaintiffs must provide evidence of a separate interference with a protected right in addition to the use of threats, coercion and intimidation.  Plaintiffs failed to do either.  Moreover, the case law cited by the Court only deals with motions to dismiss and dismissing claims of section 52.1 at the initial pleading stage, not at the summary judgment stage.

Lastly, Plaintiffs' opposition fails to provide any argument or scintilla of evidence of excessive force.  Plaintiffs' opposition in regards to their claim for 52.1 only cites law.  No argument is ever made that any of the officers engaged in excessive force.  (Opp. P.15-18).  In fact, Plaintiffs have a subheading titled excessive force and provide no evidence of said force.  Instead Plaintiffs only state that "Here, the issue of excessive force goes well beyond the issue of probable cause to detain.  Here, the violent actions taken by the deputy defendants against each Plaintiff cannot be justified.  And here, Defendants moving papers simply ask this court to accept Defendants' version of the events when contradictory evidence exist.  Disputed facts exists as to what actually happened."  Plaintiffs failed to cite to any evidence and failed to provide any affidavits.  What force was used? Which deputy used excessive force? As such, Defendants disagree that Plaintiffs have

presented evidence that raises a triable issue of facts as to whether the deputies used excessive force.  As stated above, there is no cause of action for excessive force.

## V.       ARGUMENT

**A. PLAINTIFF FAILED TO PLEAD A CAUSE OF ACTION FOR EXCESSIVE FORCE AND THERE COURT GRANTED SUMMARY JUDGMENT AS TO ARREST WITHOUT PROBABLE CAUSE, THEREFORE, AS A MATTER OF LAW, THERE CANNOT BE A FINDING THAT COERCION IS INHERENT IN EXCESSIVE FORCE AND BECAUSE THE DEPUTIES HAD PROBABLE CAUSE TO ARREST PLAINTIFFS**

**i.       <u>RODRIGUEZ V. CITY OF MODESTO</u>**

The Fifth Cause of Action also alleges that by threatening Fernandez with deployment of the police canine, Defendant Souza violated Ms. Fernandez's right to be free from unreasonable force or the threat of unreasonable force, as protected by the Fourth Amendment, in violation of California *Civil Code* § 52.1.

California *Civil Code* Section 52.1, known as the California Bane Act, addresses civil actions for protection of rights and remedies for violations of protected rights:

> (a) If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured....
>
> (b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages...

A section 52.1 plaintiff must demonstrate that the constitutional violation "occurred and that the violation was accompanied by threats, intimidation or coercion within the meaning of the statute." *Barsamian v. City of Kingsburg,* 597 F.Supp.2d 1054, 1057 (E.D.Cal.2009). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Austin B. v. Escondido Union School Dist.,* 149 Cal.App.4th 860, 883, 57 Cal.Rptr.3d 454 (2007).

Defendants cite *Rodriguez v. City of Fresno,* 819 F.Supp.2d 937, 953, 1:09–cv–01176 AWIMJS (E.D.Cal.2011), which held that "in order to maintain a claim under the Bane Act, the coercive force applied against a plaintiff must result in an interference with a separate constitutional or statutory right. It is not sufficient that the right interfered with is the right to be free of the force or threat of force that was applied." In so holding, the district court in *Rodriguez* relied upon a series of California cases, including *Jones v. Kmart Corp.,* 17 Cal.4th 329, 70 Cal.Rptr.2d 844, 949 P.2d 941 (1998), and *Venegas v. County of Los Angeles,* 32 Cal.4th 820, 843, 11 Cal.Rptr.3d 692, 87 P.3d 1 (2004). The legal landscape has evolved since *Rodriguez,* including the more recent decision in *Shoyoye v. County of Los Angeles,* 203 Cal.App.4th 947, 959, 137 Cal.Rptr.3d 839 (2012). An April 2013

Northern District of California decision thoroughly discusses *Shoyoye* and its precursors, and explains why they should not be read as requiring a separate showing of coercion:

Bane Act liability extends only to rights violations accompanied by "threats, intimidation, or coercion." *See* Cal. *Civ.Code* § 52.1; *Yenegas,* 32 Cal.4th at 843, 850–51, 11 Cal.Rptr.3d 692, 87 P.3d 1

Defendants here argue that, to adequately allege a Bane Act violation, Plaintiffs must allege "threats, intimidation or coercion" separate and independent from the wrongful conduct constituting the rights violation, citing *Shoyoye v. County of Los Angeles,* 203 Cal.App.4th 947, 961, 137 Cal.Rptr.3d 839 (2012). In *Shoyoye,* a computer error resulted in the unlawful detention of a prisoner that had been ordered released. The *Shoyoye* court held that "the statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself." That court made clear that the basis of its holding was that plaintiff's evidence showed only that County employees were negligent in assigning to Shoyoye a parole hold in the computer system, and in failing to detect the error during the subsequent quality control procedure.... Any intimidation or coercion that occurred was simply that which is reasonable and incident to maintaining a jail. *Id.* **Distinguishing *[V]enegas,* the *Shoyoye* court observed that, in the former case, probable cause "eroded at some point, such that the officers'**

**conduct became intentionally coercive and wrongful, i.e., a knowing and blameworthy interference with the plaintiffs' constitutional rights," whereas in the latter, "[t] he coercion was not carried out in order to effect a knowing interference with Shoyoye's constitutional rights."** *Id.* Defendants read *Shoyoye* to create a requirement in all Bane Act cases that constitutional interference must be accompanied by "threats, intimidation, or coercion" separate and apart from the rights violation. Although "federal district courts interpreting *Shoyoye* continue to disagree about its significance," *Cardoso v. Cnty. of San Mateo,* 2013 WL 900816 (N.D. Cal. Jan .11, 2013), this Court agrees with other courts holding that, at the pleading stage, the relevant distinction for purposes of the Bane Act is between intentional and unintentional conduct, and that *Shoyoye* applies only when the conduct is unintentional. *See, e.g., Bass v. City of Fremont,* 2013 WL 891090 (N.D.Cal. Mar.8, 2013).

Here, the Court determined that the deputies had probable to cause to arrest Plaintiffs.  Therefore, the arrest was lawful.  Furthermore, Plaintiff does not allege any excessive force.  Therefore, the facts of this case are clearly distinguishable from aforementioned.

In *Bass,* the court sustained a Bane Act claim where the plaintiff's allegedly unconstitutional "detention and arrest resulted from the officers' action, rather than their inaction." The court concluded that *"Shoyoye* is best viewed as a carve-out

from the general rule stated in *[V]enegas.* In *Shoyoye,* the plaintiff's overdetention resulted from the negligent inaction of administrators, whereas in *[V]enegas,* the defendant officer engaged in a series of actions involving 'threats, intimidation, or coercion' that resulted in the plaintiff's unreasonable seizure and wrongful arrest." *Id.* at *6–7, 137 Cal.Rptr.3d 839. *See also Holland v. City of San Francisco,* 2013 WL 968295 (N.D.Cal.Mar.12, 2013) (rejecting Defendants' Shoyoye argument because plaintiff alleged intentional, not unintentional, interference with constitutional rights); *Skeels v. Pilegaard,* 2013 WL 970974, at *4 (N.D.Cal. Mar.12, 2013) (distinguishing *Shoyoye* because plaintiff's alleged harms "were not brought about by human error, but rather by intentional conduct, conduct which could be reasonably perceived as threatening, intimidating, or coercive"). *See also Cardoso,* 2013 WL 900816, at * 1 (N.D.Cal. Jan.11, 2013) (denying motion to dismiss based on *Shoyoye* because plaintiff's Bane Act claim "may turn on details about the alleged application of excessive force—details which are unavailable at this early stage in the litigation").

Here, Plaintiffs have not alleged a cause of action for excessive force. Furthermore, the case is far removed from the early stages of litigation. The case has been litigated for over a year with multiple depositions that have taken place. Surely Plaintiffs would have had enough information gathered to put together a claim of excessive force, if one existed. Based on the absence of any excessive

force cause of action, the Court should grant Defendants motion for reconsideration.

*M.H. v. Cnty. of Alameda,* 2013 WL 1701591 (N.D.Cal. Apr.18, 2013). *M.H. v. County of Alameda* stands for the proposition that where Fourth Amendment unreasonable seizure or excessive force claims are raised and intentional conduct is at issue, there is no need for a plaintiff to allege a showing of coercion independent from the coercion inherent in the seizure or use of force. This Court previously has applied this rule to claims of excessive force. *Dillman v. Tuolumne Cnty.,* 2013 WL 1907379, 1:13–cv–00404 LJO SKO (E.D.Cal. May 7, 2013) (denying motion to dismiss excessive force claim on the ground that plaintiff did not allege coercion independent of the use of force).

In its July 2013 decision in *Bender v. County of Los Angeles,* 217 Cal.App.4th 968, 159 Cal.Rptr.3d 204 (2013), the California Court of Appeal addressed *M.H. v. County of Alameda,* agreeing in part with its reasoning, but qualifying the scope of its holding. **The plaintiff in *Bender* alleged he had been falsely arrested and then subjected to unreasonable force by the arresting officers.** *Id.* at 974–75, 159 Cal.Rptr.3d 204. After a jury found for plaintiff, defendants argued on appeal that the Bane Act does not apply to Fourth Amendment violations because coercion is inherent in any unlawful seizure. *Id.* at

976, 159 Cal.Rptr.3d 204. The Bender Court ducked this broader question, reasoning:

> Coercion is, of course, inherent in any arrest, lawful or not. But we need not weigh in on the question whether the Bane Act requires "threats, intimidation or coercion" beyond the coercion inherent in every arrest, or whether, when an arrest is otherwise lawful, a Bane Act claim based on excessive force also requires violation of some right other than the plaintiff's Fourth Amendment rights. **Where, as here, an arrest is unlawful and excessive force is applied in making the arrest, there has been coercion "independent from the coercion inherent in the wrongful detention itself"** (*Shoyoye, supra,* 203 Cal.App.4th at p. 959, 137 Cal.Rptr.3d 839)—a violation of the Bane Act.
>
> We emphasize this is not a case involving the use of excessive force during an otherwise lawful arrest based on probable cause. Nor is it a case involving an unlawful arrest or detention, but without any coercion beyond the coercion inherent in any arrest. (*See Shoyoye, supra,* 203 Cal.App.4th at p. 959, 137 Cal.Rptr.3d 839.) **Here, the Bane Act applies because there was a Fourth Amendment violation—an arrest without probable cause—accompanied by the beating and pepper spraying of an unresisting plaintiff, i.e., coercion that**

**is in no way inherent in an arrest, either lawful or unlawful.** *Id.* at 978. *Bender* directly *avoids* addressing the present circumstance, where Plaintiff Fernandez concedes, as she must, that her arrest was lawful, but alleges she was the victim of excessive force during the course of the arrest. Therefore, this Court declines to depart from the approach taken in *Dillman.* A plaintiff bringing a Bane Act excessive force need not allege a showing of coercion independent from the coercion inherent in the use of force.

Defendants' motion to dismiss the Section 52.1 claim on the ground that Plaintiffs have not alleged threats, intimidation, or coercion separate from the underlying alleged constitutional violations is DENIED.

Again, as stated above, Plaintiffs failed to include a cause of action of excessive force. Furthermore, Plaintiffs have failed to identify what force was used by what officers and the type of force use. Plaintiffs only state in their opposition to the motion for summary judgment that they disagree with the arguments in Defendants moving paper without providing even a scintilla of evidence. Furthermore, the Court ruled that the arrest was lawful and that the deputies had probable cause. Therefore, without the unlawfulness of the arrest and any claim of excessive force, as a matter of law, the Court should grant Defendants' motion for reconsideration and dismiss Plaintiffs' Bane Act Claim.

///

### ii.     YOUNBLOOD V. CITY OF BAKERSFIELD

In this case, the text of the Bane Act indicates that a cause of action under the act requires a predicate-the application of threat, intimidation or coercion and an object interference with a constitutional or statutory right. The question that arises in a case such as this is whether the application of coercive force in the form of the incidental injury of a bystander can be both the predicate and the object thereby satisfying the elements of a cause of action under the Bane Act.

Defendants contend that Plaintiff cannot state a claim under the Bane Act because there was no state or federal right that was interfered with separate from the Fourth Amendment excessive force violation. In decisions prior to 2012, this court and other district courts have held in order to state a claim under the Bane Act, "the coercive force applied against a plaintiff must result in an interference with a separate constitutional or statutory right." *Rodriguez v. City of Fresno,* 819 F.Supp.2d 937, 953 (E.D.Cal.2011). More recently, this court has noted that the "legal landscape has evolved since *Rodriguez,* including the more recent decision in *Shoyoye v. County of Los Angeles,* 32 Cal .App.4th 947 (2012). In *Bender v. County of Los Angeles,* 217 Cal.App.4th 968, 159 Cal.Rptr.3d 204 (2nd Dist.2013) the California Court of Appeals reviewed a number of District court decisions prior to that *Shoyoye* and held that, to the extent those cases held that an unlawful seizure or arrest committed with unlawful use of force did not constitute a violation

of the Bane Act, those cases do not reflect the current state of California Law. *See id.* at 980–981, 159 Cal.Rptr.3d 204. In *Bender,* **the court held that where "an arrest is unlawful *and* excessive force is applied in making the arrest, there has been coercion 'independent from the coercion inherent in the wrongful detention itself"** *Id* at 978, 159 Cal.Rptr.3d 204 (quoting *Shoyoye* 203 Cal.App.4th at 959, 137 Cal.Rptr.3d 839).

Although federal courts have not uniformly agreed on the significance of the holding in *Shoyoye,* this court has followed the Northern District's decision in M.*H. v. City of Alameda,* 2013 WL 1701591 (N.D.Cal.2013) by interpreting *Shoyoye* for the proposition that "where Fourth Amendment unreasonable seizure or excessive force claims are raised and intentional [police] conduct is at issue, there is no need for a plaintiff to allege a showing of coercion independent from the coercion inherent in the seizure or use of force" at the pleading stage. *Rodriguez v. City of Modesto,* 2013 WL 6415620 (E.D.Cal.2013). **This approach aligns with the decision in *Bender* by leaving open the chance that a plaintiff who alleges an improper seizure or arrest may, upon development of facts, be able to show that excessive force was employed and thereby prevail in a claim under the Bane Act.**

Although the case is close, the court finds that Plaintiff has proffered facts that, if proven at trial, would show that she was seized within the meaning of the

Fourth Amendment, that there was no justification for the seizure *and* that excessive force was applied. This would bring the factual context of this case into alignment with that of *Bender.* The court will therefore decline at this time to grant summary judgment as to Plaintiff's claim pursuant to the Bane Act.

Here, Plaintiffs failed to include a cause of action for excessive force and the Court granted summary judgment as to Plaintiffs' claim for arrest without probable cause. As stated the above, the Court denied summary judgment because the Court found that the force was excessive and the arrest unlawful.  This case is clearly distinguishable as we do not have those findings.  Therefore, as a matter of law, the Court should grant summary judgment as to the Bane Act claim.

### iii.    DAVIS V. CITY OF SAN JOSE

In this case, the Court previously dismissed Plaintiff's Bane Act claim with leave to amend so that Plaintiff could plausibly state claims for unlawful detention, arrest, and/or excessive force. Plaintiff has failed to plausibly claim that his detention and arrest were unlawful. The Court is thus faced with the question of whether the Bane Act can be asserted to address a claim of excessive force where there is no other constitutional or statutory violation. The parties, given their divergent views on the lawfulness of Plaintiff's detention and arrest, have not addressed this situation in depth.

The Court first notes that there is a continuing split of authority on this issue. As Defendants argue, some courts have held that something more than an inherently coercive violation is required to state a claim under the Bane Act. *See Luong v. City & Cnty. of San Francisco,* No. C11–5661 MEJ, 2012 WL 5869561 (N.D.Cal. Nov. 19, 2012); *Hunter v. City & Cnty. of San Francisco,* No. 11–4911 JSC, 2012 WL 4831634 (N.D.Cal. Oct. 10, 2012); *Lanier v. City of Fresno,* No. CV F 10–1120 LJO SKO, 2011 WL 149802, at *4 (E.D.Cal. Jan. 18, 2011). Other courts, interpreting *Shoyoye v. County of Los Angeles,* 203 Cal.App.4th 947, 137 Cal.Rptr.3d 839 (2012), narrowly, have held that the essence of *Shoyoye* is that § 52.1 "was not intended to redress harms 'brought about by human error rather than intentional conduct." *Bass,* 2013 WL 891090, at *5 (quoting *Shoyoye,* 203 Cal.App.4th at 959, 137 Cal.Rptr.3d 839, and noting that *Shoyoye* involved a plaintiff who was over-detained in the county jail due to an employee's unintentional and negligent handling of inmate paperwork). Several cases have applied the Bane Act to a claim of excessive force alone. *Cardoso v. Cnty. of San Mateo,* No. C 12–05130 CRB, 2013 WL 900816 (N.D.Cal. Jan. 11, 2013) (plaintiff claimed that after her arrest, and while she was in her jail cell, a deputy walked in, called her "stupid" and violently twisted her arm causing a fracture); *Rodriguez v. City of Modesto,* No. 1:10–CV–01370–LJO, 2013 WL 6415620, at *10–13

CASE NO.: CV13-00834

(E.D.Cal. Dec. 9, 2013) (plaintiff claimed intentional excessive force in connection with arrest under Cal.Penal Code § 148(a)).

This split in authority has not been resolved by the California Court of Appeal or Supreme Court. The most recent decision on the issue is *Bender v. County of Los Angeles,* 217 Cal.App.4th 968, 159 Cal.Rptr.3d 204 (2013), where the California Court of Appeal left open the issue whether the Bane Act would apply in a case involving the alleged use of excessive force during an otherwise lawful arrest based on probable cause. *Id.* at 978, 159 Cal.Rptr.3d 204; *see also Rodriguez,* 2013 WL 6415620, at *13 (noting that "*Bender* directly *avoids* addressing" the present circumstance). **The *Bender* court ruled in a case where it determined that there was *both* an unlawful arrest and excessive force was applied in making that arrest**. *Bender,* 217 Cal.App.4th at 981, 159 Cal.Rptr.3d 204.

Having carefully considered the holdings in *Shoyoye* and *Bender,* which apply the California Supreme Court's holding in *Venegas v. County of Los Angeles,* 32 Cal.4th 820, 11 Cal.Rptr.3d 692, 87 P.3d 1 (2004), **the Court finds that the Bane Act may extend to claims of deliberate and spiteful harm where the allegations, taken as true, demonstrate physical beating and injury in support of a claim for deprivation of one's constitutional right to be free from excessive force**. *Shoyoye* does not prohibit the application of the Bane Act in this

circumstance. The *Shoyoye* court limited its denial of Bane Act relief to cases where the constitutional or statutory violation "occurs because of mere negligence rather than a volitional act intended to interfere with the exercise or enjoyment of a constitutional right." *Shoyoye,* 203 Cal.App.4th at 957, 137 Cal.Rptr.3d 839 (cited with approval in *Bender,* 217 Cal.App.4th at 979, 159 Cal.Rptr.3d 204).

Thus, Defendants' Motion to Dismiss Plaintiff's Fifth COA for violation of the Bane Act is DENIED without prejudice to reasserting this argument based on a more complete record.

Again, there is no cause of action of excessive force.  Without a cause of action for excessive, there can be no inherent coercion or interference.  Without an argument of evidence of excessive force, Plaintiffs must meet the two-pronged standard  as described in more detail below.


**iv.    DV v. SUNNYVALE**

Plaintiffs bring a claim against all defendants for violation of California *Civil Code* § 52.1. Sunnyvale first argues that plaintiffs' § 52.1 claim should be dismissed because plaintiffs do not allege sufficient facts showing a constitutional rights violation by a Sunnyvale officer. However, the complaint alleges that several unidentified officers interfered with the decedent's constitutional rights "by unnecessarily shooting him multiple times until his untimely death, all

accomplished through force, threats, intimidation and coercion." Plaintiffs state that they contacted the defendants to determine which officers were involved in the incident, but that none of the defendants were willing to disclose the identities of the involved officers. At this time, plaintiffs cannot ascertain whether Sunnyvale officers, Santa Clara officers, or both caused the decedent's death. Therefore, by pleading generally that the officers present at the incident are responsible, plaintiffs have sufficiently alleged that Sunnyvale is liable.

Second, Sunnyvale contends that the complaint does not include a basis for direct liability against Sunnyvale. In their opposition, plaintiffs clarify that Sunnyvale is only liable under a respondeat superior theory of liability. Courts have consistently held that public entities may be held vicariously liable for a violation of § 52. 1, and, more specifically, that cities may be held vicariously liable for police officers' violations of § 52.1. *See Knapps v. City of Oakland,* 647 F.Supp.2d 1129, 1168–69 (N.D.Cal.2009) (finding City of Oakland liable under respondeat superior for police officers' violations of § 52.1); *Santos ex rel. Santos v. City of Culver City,* 228 Fed.Appx. 655, 659 (9th Cir.2007) (remanding for consideration of whether City of Culver City was vicariously liable for violation of § 52.1); *Ohlsen v. Cnty. of San Joaquin,* No. 06–CV02361 GEB, 2008 WL 2331996, at *5 (E.D.Cal. June 4, 2008) (granting summary judgment for plaintiff

that County of San Joaquin is vicariously liable for its employees' violation of §

52.1). Therefore, Sunnyvale is a proper defendant to plaintiff's § 52.1 claim.

Sunnyvale also asserts that a § 52.1 claim requires threats, coercion, or

intimidation separate from the underlying constitutional violation. Sunnyvale

contends that plaintiffs' § 52.1 claim must be dismissed for failure to plead separate

threats, coercion, or intimidation. Plaintiffs respond that a § 52.1 does not require

separate threats, coercion, or intimidation when the defendants' actions are

intentional, rather than merely negligent.

The court finds plaintiffs' position more persuasive. In *Venegas v. County of

Los Angeles,* 32 Cal.4th 820, 11 Cal.Rptr.3d 692, 87 P.3d 1 (2004), the principal

California Supreme Court case on § 52.1, the Court held that § 52.1 is "limited to

threats, intimidation, or coercion that interferes with a constitutional or statutory

right." *Venegas,* 32 Cal.4th at 843, 11 Cal.Rptr.3d 692, 87 P.3d 1. "[P]laintiffs

need not allege that defendants acted with discriminatory animus or intent, so long

as those acts were accompanied by the requisite threats, intimidation, or coercion."

*Id.* The Court concluded that "imposing added limitations on the scope of section

52.1 would appear to be more a legislative concern than a judicial one...." *Id.*

Against this backdrop, the California Court of Appeal for the Second District

decided *Shoyoye v. County of Los Angeles,* 203 Cal.App.4th 947, 137 Cal.Rptr.3d

839 (2012), which Sunnyvale cites as its primary support for a rule requiring

separate threats, coercion, or intimidation. In *Shoyoye,* the plaintiff alleged that he had been wrongly detained in county jail. *Shoyoye,* 203 Cal.App.4th at 950, 137 Cal.Rptr.3d 839. The county maintained that the plaintiff's initial detention was justified, but the county acknowledged that it had detained the plaintiff for an extra 16 days due to a clerical error. *Id. Shoyoye* directly presented the issue, avoided by the California Supreme Court, of whether § 52.1 applies when a defendant merely acts negligently, with no intent. *Id.* at 957–58, 137 Cal.Rptr.3d 839. The *Shoyoye* court conceptualized the issue as two related questions: "[ (1) ] What type of interference is contemplated by the statute—intentional and callous interference only or also incidental interference brought about by negligent conduct? [ (2) ] As applicable here, where coercion is inherent in the constitutional violation alleged, as it is in an unreasonably prolonged detention, is the statutory requirement satisfied or does the statute require a showing of coercion independent from the coercion inherent in the wrongful detention itself?" *Id.* at 958, 137 Cal.Rptr.3d 839. As to the first question, *Shoyoye* held that "[t]he act of interference with a constitutional right must itself be deliberate or spiteful." *Id.* at 959, 137 Cal.Rptr.3d 839. As to the second question, *Shoyoye* found that § 52.1 "requires a showing of coercion independent from the coercion inherent in the wrongful detention itself." *Id.* Because the defendant had not acted deliberately to cause the plaintiff's over-detention and the defendant's coercion was not independent from the coercion

inherent in the plaintiff's wrongful detention, the court determined that the plaintiff had not proven the requisite elements of his § 52.1 claim. *Id.* at 961–62, 137 Cal.Rptr.3d 839.

Subsequent decisions, especially in this District, have largely limited *Shoyoye* to its first holding, that § 52.1 requires intentional interference with a constitutional right, and not merely negligent acts. For example, a court in this District has held that "*Shoyoye* is best viewed as a carve-out from the general rule stated in *Venegas.*" *Bass v. City of Fremont,* No. 12–CV–04943 TEH, 2013 WL 891090, at *6 (N.D.Cal. Mar. 8, 2013). Another court in this district, citing *Bass,* agrees: "the relevant distinction for purposes of the Bane Act is between intentional and unintentional conduct, and ... *Shoyoye* applies only when the conduct is unintentional." *M.H. v. Cnty. of Alameda,* No. 11–CV–02868 JST, 2013 WL 1701591, at *7 (N.D.Cal. Apr. 18, 2013) (citing *Bass,* 2013 WL 891090). Although courts have not been unanimous, the great weight of authority in the Northern District of California has followed this path and confined *Shoyoye* to circumstances involving negligent conduct. The California Court of Appeal for the Second District, returning to the issue, has similarly limited its *Shoyoye* decision, finding that "[t]here is no Bane Act violation 'where the overdetention occurs because of mere negligence rather than a volitional act intended to interfere with the exercise or enjoyment of the constitutional right.' " *Bender v. Cnty. of Los*

*Angeles,* 217 Cal.App.4th 968, 979, 159 Cal.Rptr.3d 204 (2013) (citing *Shoyoye,* 203 Cal.App.4th at 957–58, 137 Cal.Rptr.3d 839). This court therefore follows the substantial and growing authority that restricts *Shoyoye* to cases where the defendant's actions were negligent. Section 52.1 does not require threats, coercion, or intimidation independent from the threats, coercion, or intimidation inherent in the alleged constitutional or statutory violation.

Given that *Shoyoye* only applies when the defendant's actions were negligent or unintentional, resolution of Sunnyvale's argument is simple. Plaintiffs allege that Sunnyvale violated the decedent's constitutional rights when unidentified police officers shot and killed the decedent. Plaintiffs state that the police officers at the incident acted intentionally, and there can be no dispute that the officers' lethal encounter with the decedent was coercive. Therefore, the court denies Sunnyvale's motion as to plaintiffs' § 52.1 claim.


## VI.     <u>CONCLUSION</u>

Based on the foregoing, the Court should grant Defendants' motion for reconsideration on the grounds that the aforementioned decisions do not apply to Plaintiffs because Plaintiffs do not have a cause of action for excessive force and because the Court ruled that the deputies had probable cause and that the arrest was

CASE NO.: CV13-00834

lawful.   Based on the above, as a matter of law, there can be no inherently coercive nature involved in the deputies' actions.


**Dated: October 14, 2014**                    **IVIE, McNEILL & WYATT**

                              **By:    /s/ Rodney S. Diggs**
                                       **RICKEY IVIE**
                                       **RODNEY S. DIGGS**
                                       **Attorney for Defendant,**
                                       **COUNTY OF LOS ANGELES, et. al.**

## <u>DECLARATION OF RODNEY S. DIGGS</u>

1.      I am an attorney with the law firm of Ivie, McNeill & Wyatt, counsel of record for Defendants County of Los Angeles, et al. ("Defendants") in the above-referenced action.  I have personal knowledge of the facts herein attested to and I could and would testify competently if asked to do so.

2.      This declaration is submitted in support of Defendants Ex Parte Application re Motion for Reconsideration to Defendants' Motion for Summary Judgment as to Plaintiffs' Bane Act claim.

3.      On October 8, 2014, I contacted Mr. Rios, counsel for Plaintiffs, of Defendants' intention to file an ex parte application with the Court on the grounds that the Court's analysis of the law is incorrect.  Although, there is new law as cited by the Court that coercion is inherent within some of the acts, that only relates if the party has a cause of action for excessive force or if the arrest was unlawful.  Because the court granted summary judgment as to plaintiffs' claim for unlawful arrest and there was no cause of action for excessive force there can be no argument of inherent coercion without such finding.  Therefore, plaintiff would be required to meet the two prong standard. Accordingly, Plaintiffs must allege a separate interference with a protected right in addition to the use of threats, coercion and intimidation.  Plaintiffs failed to do so.  Moreover, the case law cited by the court only deals with motions to dismiss and dismissing claims at the initial pleading stage, not at the summary judgment stage.

CASE NO.: CV13-00834

4.     Mr. Rios informed me that he will oppose Defendants' ex parte application.

5.     I hereby certify that the instant Application is brought in good faith and for good cause.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 14, 2014 at Los Angeles, California

_____/s/_____
Rodney S. Diggs, Declarant

29