Ralph R. Rios, SBN 85085
Ralph M. Rios, SBN 230454
RIOS & ASSOCIATES
1499 Huntington Drive. Suite 506
South Pasadena, California 91702
Telephone: (626) 583-1100
Facsimile: (626) 583-1475
rmr@rrioslaw.com

Attorneys for Plaintiffs
HUMBERTO RENTERIA, ROBERTO CRUZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO RENTERIA, ROBERTO CRUZ<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, ET AL.,<br><br>Defendants. | CASE NO. SACV 13-00834-JVS (VBKx)<br><br>Assigned to James V. Selna<br><br>**PLAINTIFFS' CONTENTIONS OF FACT AND LAW**<br><br>DATE: 11/12/14<br>TIME: 11:00 a.m.<br>DEPT: Courtroom "10"<br><br>TRIAL: 11-25-14 |

Plaintiffs HUMBERTO RENTERIA and ROBERTO CRUZ, respectfully submit Plaintiffs' Contentions of Fact and Law

PLAINTIFFS MEMORANDUM OF CONTENTIONS OF LAW AND FACT

## I.

## PLAINTIFF HAS ALLEGED THE FOLLOWING CLAIMS FOR RELIEF

Plaintiffs are HUMBERTO RENTERIA and ROBERTO CRUZ. The defendants are Los Angeles County, deputies TAKASHIMA, MALDANADO, FERNANDEZ, MORAN, COULTER, and HUNTER.

The following claims for relief alleged in Plaintiffs' Complaint will be the subject of this phase of the litigation:

**Fourth Claim:**   Violation of State Civil Right, Civil Code Section 52.1

### I.   CONTENTIONS OF FACT

On September 5, 2010, Plaintiff Roberto Cruz and Humberto Renteria were in a Lynwood neighborhood that is mostly Hispanic. Roberto Cruz Was coming home from work after working at a dry cleaner and decided to stop by the home of Hector Oliva who was having a family barbeque. Plaintiff Humberto Renteria was at a family members home next door to the home of Hector Oliva Also having a family barbeque.

At some point Sheriff deputies detained teenagers in the street near the home of Hector Oliva. Hector Oliva went outside and eventually was involved in a struggle with Los Angeles County Sheriff Deputies. The struggle was very loud and caused persons in the neighborhood to come out to see what was going on. As

CONTFC.doc

witness will testify, they witnessed numerous police officers violently beating Hector Oliva with fists and weapons about the face and body.

Humberto Renteria was one of the persons that responded to the noise and also witnessed the beating. Roberto Cruz remained in the garage and did not know Hector Oliva was being beaten by Sheriff Deputies.

After the Deputies arrested Hector Oliva they dispersed the crowd of onlookers. Humberto Renteria was dispersed into the front yard of Hector Oliva.

Eventually, Renteria was behind a closed gate at Hector Oliva's house when deputies decided to come onto the property. As deputies opened the gate, Deputy Keffer of the Los Angeles Sheriff's department stepped through and fell on a skateboard in the driveway. At this point a "man down" call went out and the deputies on the scene reacted like wild animals. An independent witness testified at deposition as follows: "They were violent and aggressive, they looked like rabid dogs… that got a taste of blood…It was like, when you get a pack of chimpanzees and they have a war. Have you ever seen a chimpanzee war and they just beat them and just gang up on them? That's exactly what it looked like. Just a mob."

Unfortunately, both Cruz and Renteria were victims of this mob behavior. Both Cruz and Renteria will testify that the deputies just came at them and attacked them. Both men will testify the only thing they could do was duck and cover their faces. However, this did not work as the deputies ruthlessly punched both men in the head and face numerous times causing severe injury and unconsciousness. Plaintiffs

-2-

were compliant at all times and never fought back. Plaintiffs had broken no laws and there was no probable cause to detain or arrest either man. Percipient witnesses will testify that both Plaintiff were compliant and that the deputies acts were excessive and violent as there was no resistance from Plaintiffs.

Witnesses will also testify that Los Angeles county deputies then tried to cover up their acts by manipulating the scene. Witnesses will testify they saw deputies break beer bottles at the scene and then photograph those broken bottles. In reports by the Los Angeles Sheriff's department deputies claimed bystanders were throwing bottles at them.

## II. CONTENTIONS OF LAW

*The Bane Act*

Civil Code section 52.1, also known as the Bane Act, prohibits a person from interfering or attempting to interfere "by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civil Code § 52.1(a). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she

-3-

was not required to do under the law." *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007). To succeed on a claim under this section, a plaintiff must prove that the defendant (1) interfered with the plaintiff's constitutional or statutory right by threatening or committing violent acts; (2) the plaintiff reasonably believed that such acts would be committed; (3) that the defendant injured plaintiff to prevent him from exercising his constitutional or statutory right or to retaliate against him for having exercised this right; (4) that plaintiff was harmed; (5) and that defendant's conduct was a substantial factor in causing this harm. *Id.* In general, "[a] defendant is liable if he or she interfered with or attempted to interfere with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion." *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947, 956 (2012)

Defendant argues that plaintiff fails to state a claim under section 52.1 because plaintiff has not alleged any threats, intimidation or coercion beyond the coercion that was inherent in the alleged underlying violation.

Plaintiffs disagree. First, coercion is inherent in any arrest, whether lawful or unlawful. Los Angeles Sheriff Deputies, including the named defendants, wrongfully arrested Plaintiffs despite lacking any probable cause to do so, and deliberately beat and assaulted Plaintiffs even though they were not resisting the arrest or detention and were compliant at all times. Therefore, there was coercion independent from the coercion inherent in an arrest, and the Bane Act was violated.

The California Court of Appeal recently addressed the proper interpretation of section 52.1 in *Shoyoye*. First, the court held that section 52.1 does not extend to an alleged interference with constitutional rights that resulted from a person's negligent acts, at least in the case of an unreasonably prolonged detention of an individual. 203 Cal. App. 4th at 958. Because the unreasonable detention at issue in Shoyoye resulted only from the negligence of county employees, the court concluded that section 52.1 did not apply. The court distinguished the California Supreme Court's decision in *Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 841-43 (2004), where the evidence could support a finding that the coercion at issue was "carried out in order to effect a knowing interference with [the plaintiffs'] constitutional rights." *Shoyoye*, 203 Cal. App. 4th at 961. Second, the *Shoyoye* court held that section 52.1 requires a showing of coercion "independent" from the coercion inherent in the alleged constitutional deprivation itself, at least in the case of a wrongful detention. *Id.* at 960.

Plaintiff has adequately alleged coercion, threats, or intimidation on the part of defendants to state a claim under Cal. Civ. Code § 52.1. In the course of the alleged incident, plaintiffs were subjected to coercion, threats, or intimidation that were separate and apart from the alleged constitutional violation. See *Venegas*, 32 Cal. 4th at 841-43. The coercion or intimidation that plaintiff alleges is sufficiently independent from the coercion inherent in the constitutional deprivation itself. For

-5-

example, sufficient witness testimony and testimony from Plaintiffs will support facts that Plaintiffs were victims of an unruly mob of Los Angeles Sheriff deputies who unlawfully seized, detained and then used unnecessary and excessive force upon Plaintiffs. These facts will be presented at trial and these facts must be decided by a jury.

### III. DAMAGES

The Bane Act permits a person whose constitutional rights have been interfered with "by threats, intimidation, or coercion" to sue for damages and recover attorney's fees. In addition Plaintiffs will seek Punitive damages against the individual defendants for their despicable conduct intended to cause injury to Plaintiffs. The facts as alleged and to be proved at trial support a claim for punitive damages.

DATED: November 3, 2014

Respectfully submitted,

RIOS & ASSOCIATES

By: _____
RALPH M. RIOS
Attorneys for Plaintiffs