Ralph R. Rios, State Bar No. 80585
Ralph M. Rios, State Bar No. 230454
**RIOS & ASSOCIATES**
A Professional Law Corporation
1499 Huntington Drive Suite 506
South Pasadena CA 91030
Phone 626-583-1100
Fax    626-583-1475
Email : rmr@rrioslaw.com

Attorneys for Plaintiffs
HUMBERTO RENTERIA and ROBERTO CRUZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| HUMBERTO RENTERIA ROBERTO CRUZ and HECTOR OLIVA<br><br>Plaintiffs,<br><br>v.<br><br>LOS ANGELES COUNTY ET AL<br><br>Defendants. | CASE NO. 13-00834 JVS- (VBKx)<br><br>Assigned to the Honorable Judge James V. Selna<br><br>**PLAINTIFFS' OBJECTIONS AND OPPOSTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>DEPT:   Courtroom "10"<br><br>TRIAL:   12-1-14 |

Plaintiffs HUMBERTO RENTERIA and ROBERTO CRUZ, respectfully submit Plaintiffs' Objection and Opposition to Defendants request for Judicial Notice.

## INTRODUCTION

Judicial Notice is not proper in this case and at this time. The defendants have skirted every rule required by this court to meet and confer in a timely manner when presenting a motion to the court. Here they do so at the last hour and during a jury trial. At no point did defendants propose any *Motion in Limine* to address the issues they now make. At no point did defendants attempt to meet on this issue. Instead, they seek to surprise and backhand their request at the last minute.

Notwithstanding, under FRE 201, the Noticed Facts defendants wish to proffer through judicial notice <u>are subject to reasonable dispute, greatly prejudice plaintiffs and will confuse the jury</u>. In fact, the court denied Defendants Motion for Summary Judgment as it related to the Bane Act, an entirely separate cause of action than Plaintiffs 1983 Cause of Action. In Plaintiff's opposition to Defendants Summary Judgment, and in Plaintiffs' opposition to Defendants' motion for reconsideration many key and <u>disputed facts</u> were presented to the court to support their Bane Act cause of action.

There is a great danger that would result in grave unfairness to the Plaintiffs in this case if the court were to take Judicial Notice of such disputed facts. Plaintiffs have always alleged excessive force along with the violent and unlawful acts of the defendants throughout this litigation. There is no rule anywhere that states Plaintiffs must have a 1983 Cause of Action in order for them to bring a Bane Act claim. In addition, Plaintiffs do not need to bring an Excessive Force Cause of Action in order

for them to have a Bane Act claim. The Bane Act has distinct elements which are supported by Plaintiffs allegations. Now these allegations are before a trier of fact. Let the jury decide.

Plaintiffs have been meritorious throughout this litigation with their Bane Act cause of Action and there are numerous facts supporting this cause of action, including facts of excessive force, unlawful arrest, violence, and other misconduct. The presentation of evidence, cross-examination and witness testimony will produce these facts.

**A. Judicial Notice**

Rule 201 of the Federal Rules of Evidence allows courts to take judicial notice of adjudicative facts. To be judicially noticed, Rule 201(b) provides that an adjudicative fact must either be (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination by resort to sources whose <u>accuracy cannot be reasonably questioned</u>. Types of facts that can be judicially noticed include but are not limited to current events, calendars and time, geography, and weather. *Emphasis added.*

Facts adjudicated in a prior case, or in this case, a separate cause of action, do not satisfy either test of indisputability contained in Rule 201(b). Thus, although a court can take judicial notice that a pleading or motion was filed or that a judgment was entered in another judicial proceeding, or that certain allegations were made in that

proceeding, the court cannot take judicial notice of the truth of the allegations of findings.

KEYS TO A FAIR TRIAL

A.  **A high degree of indisputability is the essential prerequisite.**

*Subdivision (b)* of Rule 201. With respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy. This tradition of circumspection appears to be soundly based, and no reason to depart from it is apparent. As Professor Davis says:

"The reason we use trial-type procedure, I think, is that we make the practical judgement, on the basis of experience, that taking evidence, subject to cross-examination and rebuttal, is the best way to resolve controversies involving disputes of adjudicative facts, that is, facts pertaining to the parties. The reason we require a determination on the record is that we think fair procedure in resolving disputes of adjudicative facts calls for giving each party a chance to meet in the appropriate fashion the facts that come to the tribunal's attention, and the appropriate fashion for meeting disputed adjudicative facts includes rebuttal evidence, cross-examination, usually confrontation, and argument (either written or oral or both). The key to a fair trial is opportunity to use the appropriate weapons (rebuttal evidence, cross-examination, and argument) to meet adverse materials that come to the tribunal's

attention." A System of Judicial Notice Based on Fairness and Convenience, in Perspectives of Law 69, 93 (1964).

The rule proceeds upon the theory that these considerations call for dispensing with traditional methods of proof only in clear cases. Compare Professor Davis' conclusion that judicial notice should be a matter of convenience, subject to requirements of procedural fairness. *Id.*, 94.

This rule is consistent with Uniform Rule 9(1) and (2) which limit judicial notice of facts to those "so universally known that they cannot reasonably be the subject of dispute," those "so generally known or of such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute," and those "capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy." The traditional textbook treatment has included these general categories (matters of common knowledge, facts capable of verification), *McCormick* §§324, 325, and then has passed on into detailed treatment of such specific topics as facts relating to the personnel and records of the court, *Id*. §327, and other governmental facts, *Id*. §328. The California draftsmen, with a background of detailed statutory regulation of judicial notice, followed a somewhat similar pattern. *California Evidence Code* §§451, 452. The Uniform Rules, however, were drafted on the theory that these particular

matters are included within the general categories and need no specific mention. This approach is followed in the present rule.

**Eighth Circuit Review: Caution Noted**

In affirming the denial of the motion for a preliminary injunction, the Eighth Circuit found it unnecessary to decide whether the district court improperly took judicial notice. However, the circuit took the occasion to caution about the manner in taking judicial notice:

> [O]n remand, we note that judicial notice is subject to Fed. R. Evid. 201(e), which states: "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." In addition, "Caution must also be taken to avoid admitting evidence, through the use of judicial notice, in contravention of the relevancy, foundation, and hearsay rules." *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009). Out of respect for the adversarial process, the district court should allow the parties to build the factual record themselves as much as possible and are entitled to be heard on the propriety of the court noticing facts "not tested in the crucible" of litigation. *United States v. Hoyts Cinemas Corp.*, 380 F.3d 558, 570 (1st Cir. 2004).

*1-800-411-Pain Referral Service*, _ F.3d at _.

In *Ohio Citizen Action v. City of Englewood*, __F.3d __ (6th Cir. Feb. 2, 2012) (Nos. 10–3265, 10–3293) Under FRE 201, judicial notice serves as an alternative to formal proof. Through its operation, a court can relieve a party of its burden to offer formal proof of the noticed adjudicative fact during trial. As the noticed fact should be one that is not subject to reasonable dispute, it would not be a productive use of time to prove it. Recently the Sixth Circuit considered a request that it take judicial notice of a fact that apparently was not disputed by the parties. The circuit declined to do so, citing the danger that granting notice under the circumstances of this case, risked substituting judicial notice as a reason to preclude fact finding at trial.

Here, Defendants are attempting to circumvent a trial on key disputed facts. This process is simply unfair to plaintiffs and any type of Judicial Notice would greatly prejudice plaintiffs and confuse the jury. The court must deny Defendants' request.

DATED: December 1, 2014    Respectfully submitted,

RIOS & ASSOCIATES


By: _____//S// R. Rios_____
RALPH M. RIOS
Attorneys for Plaintiffs
HUMBERTO RENTERIA and
ROBERTO CRUZ