1   **RICKEY IVIE, Esq. (SBN 76864)**
2   *rivie@imwlaw.com*
    **RODNEY S. DIGGS, Esq. (SBN 274459)**
3   *rdiggs@imwlaw.com*
4   **IVIE, McNEILL & WYATT**
    444 South Flower Street, Suite 1800
5   Los Angeles, California 90071
6   Telephone: (213) 489-0028
    Facsimile:   (213) 489-0552
7

8   Attorneys for Defendants,
9   **COUNTY OF LOS ANGELES, et al.**

10              **UNITED STATES DISTRICT COURT**
11
12      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**
13

| | |
|---|---|
| HUMBERTO RENTERIA, ROBERTO CRUZ, HECTOR OLIVA, | Case No. CV13-00834JVS(VBKx) [Hon. James V. Selna, Courtroom 10C] |
| *Plaintiffs,* | |
| v. | **DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' REQUEST TO WITHDRAW THEIR ADMISSIONS** |
| COUNTY OF LOS ANGELES, Sheriff LEE BACA, L. ORRELLANA, #513813, D. FERNANDEZ, #472723, Deputy COULTER, #471332, Deputy MAGANA, #515343, Deputy MORAN, #516553, Deputy HUNTER, #515342, Deputy BORGES, #503657, Deputy GIGGLES, #515584, Deputy Takashima #451030, Deputy Keffer #512433, SERGEANT R. DAILY, DEPUTY FRANCOIS; DEPUTY ANTHONY MALDONADO; DEPUTY OVALLE and DOES 1-10, | **Trial:** Date:      November 25, 2014 Time:      8:30 a.m. |
| *Defendants* | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE HONORABLE COURT AND TO ALL PARTIES OF RECORD:**

Defendants COUNTY OF LOS ANGELES, DEPUTY TAKASHIMA, DEPUTY HUNTER, DEPUTY MAGANA, DEPUTY COULTER, and DEPUTY FERNANDEZ, hereby submit the following:

On December 3, 2014, the Court instructed Plaintiffs HUMBERTO RENTERIA and ROBERTO CRUZ ("Plaintiffs") to file a brief and/or motion regarding their failure to file a Rule 36 motion for Relief from Admissions. Included in the brief and/ or motion, the Court instructed Plaintiffs to include case law and evidence in support of any notion that the Court should grant Plaintiffs relief their conclusive admissions. Inexplicably and in contravention to the Court's order, Plaintiffs filed an objection and opposition to Defendants' request for Judicial Notice. *See* (Docket No. 127).

In its Opposition to the request for Judicial Notice, Plaintiffs' failed to include a scintilla of case law or evidence regarding its failure to comply with Rule 36 and, furthermore, the Court's order. Indeed, it is apparent that the erroneous Opposition is nothing more than the result of shoddy copying and pasting as hyperlinks are still included.

CASE NO.: CV13-00834

Nonetheless, despite Plaintiffs' failure to comply with the Court's order, Defendants hereby file the instant brief in opposition to Plaintiffs' request to withdraw its admissions.

**Dated: December 4, 2014**           **IVIE, McNEILL & WYATT**

                              **By:**   \_\_\_**/s/ Rodney S. Diggs**_____
                                   **RICKEY IVIE**
                                   **RODNEY S. DIGGS**
                                   **Attorney for Defendant,**
                                   **COUNTY OF LOS ANGELES, et. al.**

1

## TABLE OF CONTENTS AND AUTHORITIES

I.  INTRODUCTION……………………………………..…5

II. STATEMENT OF FACTS……………………………………..6

III.   LEGAL STANDARD………………………………………10

IV.   ARGUMENT……………………………………………...11

      i.  PLAINTIFFS' ADMISSIONS ARE CONCLUSIVE BECAUSE PLAINTIFFS FAILED TO FILE A FORMAL NOTICED MOTION……………………………………………....11

      ii. PLAINTIFFS' ADMISSIONS CANNOT BE WITHDRAWN IN THE MIDDLE OF TRIAL BECAUSE PLAINTIFFS' DILATORY BEHAVIOR RENDERS ANY AMENDMENT UNTIMELY ESPECIALLY SINCE THE WITHDRAWAL IS SOUGHT IN THE MIDDLE OF TRIAL………………..…..12

      iii. PLAINTIFFS' ADMISSIONS CANNOT BE WITHDRAWN IN THE MIDDLE OF TRIAL BECAUSE DEFENDANTS HAVE RELIED ON THE ADMISSIONS  AND THE ADMISSIONS HAVE ALREADY BEEN INTRODUCED TO THE JURY…........................................................................15

V. CONCLUSION……………………………………..…18

CASE NO.: CV13-00834

# TABLE OF AUTHORITIES

*CASE LAW*

999 v. C.I.T. Corp., 776 F.2d 866 (9th Cir.1985)……………………………..11-17

Donovan v. Carls Drug Co., 703 F.2d 650 (2d Cir.1983)………………….…10

Conlon v. United States, 474 F.3d 616 (9th Cir.2007)……...............13, 15,16,17,18

Kalis v. Colgate–Palmolive Co. (7th Cir. 2000) 231 F3d 1049…………………..11

*STATUTES*

Federal Rules of Civil Procedure 36……………………………….....10,11,14,17

CASE NO.: CV13-00834

## I.  <u>INTRODUCTION</u>

Plaintiffs Humberto Renteria and Roberto Cruz filed the instant lawsuit claiming that the County of Los Angeles (hereinafter "COLA"), Deputy Rahn Hunter, Deputy Gene Takashima, Deputy David Fernandez, Deputy Nicholas Coulter and Deputy Marco Magana (collectively "Defendants") intentionally interfered with their civil rights by threats, intimidation or coercion.

On May 14, 2014, COLA propounded requests for Admission to Plaintiff CRUZ to determine whether Plaintiff Cruz alleged that Deputies Magana, Coulter, Hunter, and Fernandez used force on him.   COLA propounded similar requests to Plaintiff Renteria. On June 30, 2014, Cruz admitted that none of these Deputies used any force on him. Additionally, Plaintiff Cruz also admitted that Deputy Fernandez and Deputy Hunter never hit or kicked him.

Similarly, Plaintiff Renteria admitted that Deputy Coulter and Magana used no force against him.  Plaintiff Renteria also admitted that Deputy Coulter and Magana did not hit him and that Deputy Hunter and Coulter did not kick him.

On August 4, Defendants used Plaintiff'' binding admissions as evidence in its Motion for Summary Judgment.  Additionally, on September 19, Defendants referenced Plaintiff admissions in its Reply to the Motion for Summary Judgment.

On December 3, 2014, having signed verified responses conclusively establishing that no force was on them by Defendants, having been on notice of

these binding admission for four months,  after the pre-trial conference, and having

failed to file any motion to withdraw their conclusive admissions, Plaintiffs *now*

seeks to withdraw their admissions in the middle of trial.  The Court must deny

Plaintiffs' improper and dilatory request.

## II. STATEMENT OF FACTS

On July 31, 2013, Plaintiffs Humberto Renteria and Roberto Cruz filed a

Complaint against Deputies Hunter, Takashima, Fernandez, Coulter, and Magana

claiming violation of the Bane Act.

In May 14, 2014, COLA propounded requests for Admission to Plaintiff

CRUZ to determine whether Plaintiff Cruz alleged that Deputies Magana, Coulter,

Hunter, and Fernandez used force on him.  Specifically COLA propounded the

following interrogatories:

"**REQUEST FOR ADMISSIONS NO. 27:**

Admit that Deputy Fernandez did not hit you.

**REQUEST FOR ADMISSIONS NO. 31:**

Admit that Deputy Hunter did not hit you.

**REQUEST FOR ADMISSIONS NO. 35:**

Admit that Deputy Fernandez did not kick you.

**REQUEST FOR ADMISSIONS NO. 39:**

Admit that Deputy Hunter did not kick you.

**REQUEST FOR ADMISSIONS NO. 78:**

Admit that Deputy Coulter did not use any force on you.

**REQUEST FOR ADMISSIONS NO. 79:**

     Admit that Deputy Magana did not use any force on you."

In May 14, 2014, COLA propounded requests for Admission to Plaintiff

Renteria to determine whether Plaintiff Cruz alleged that Deputies Magana,

Coulter, Hunter, and Fernandez used force on him.  Specifically COLA

propounded the following interrogatories:

     "**REQUEST FOR ADMISSIONS NO. 28:**

     Admit that Deputy Coulter did not hit you.

**REQUEST FOR ADMISSIONS NO. 29:**

     Admit that Deputy Magana did not hit you.

**REQUEST FOR ADMISSIONS NO. 31:**

     Admit that Deputy Hunter did not hit you.

**REQUEST FOR ADMISSIONS NO. 36:**

     Admit that Deputy Coulter did not kick you.

**REQUEST FOR ADMISSIONS NO. 78:**

     Admit that Deputy Coulter did not use any force on you.

**REQUEST FOR ADMISSIONS NO. 79:**

     Admit that Deputy Magana did not use any force on you."

On June 30, 2014, Cruz admitted that neither Deputy Coulter nor Magana

used any force on him.

**"RESPONSE TO REQUEST FOR ADMISSION NO. 78**

 Admit

**RESPONSE TO REQUEST FOR ADMISSION NO. 79**

 Admit"

Cruz also admitted that Deputies Fernandez and Hunter never hit or kicked

him.

1     "**RESPONSE TO REQUEST FOR ADMISSION NO. 27**

2     Admit

3     **RESPONSE TO REQUEST FOR ADMISSION NO. 31**

4     Admit

5     **RESPONSE TO REQUEST FOR ADMISSION NO. 35**

6     Admit

7     **RESPONSE TO REQUEST FOR ADMISSION NO. 39**

8     Admit"

9     Similarly, On June 30, 2014, Plaintiff Renteria admitted that neither

10 Deputies Coulter nor Magana used force against him.

11     "**RESPONSE TO REQUEST FOR ADMISSION NO. 78**

12      Admit

13     **RESPONSE TO REQUEST FOR ADMISSION NO. 79**

14      Admit"

15     Plaintiff Renteria also admitted that Deputies Coulter and Magana never hit

16 him and that Deputy Hunter never kicked him.

17     **RESPONSE TO REQUEST FOR ADMISSION NO. 28**

18     Admit

19     **RESPONSE TO REQUEST FOR ADMISSION NO. 29**

20     Admit

21     **RESPONSE TO REQUEST FOR ADMISSION NO. 31**

22     Admit

23     **RESPONSE TO REQUEST FOR ADMISSION NO. 36**

24     Admit"

25     On August 4, 2014, Defendants filed a motion for summary judgment

26 against Plaintiffs. *See* (Docket No. 68).  In its Motion for summary judgment,

27 Defendants relied on Plaintiffs' conclusive admissions:

28

CRUZ

"CRUZ admitted in his response to Defendants Request for Admissions that Deputy COULTER did not use any force on CRUZ. (SUF 9)

 CRUZ admitted in his response to Defendants Request for Admissions that Deputy MAGANA did not use any force on CRUZ. (SUF 9)" Id. at p. 5 lns. 23-38; p. 6 lns. 21-23, and p. 8 lns. 11-13.

RENTERIA:

"Deputy HUNTER never kicked or hit RENTERIA which RENTERIA admitted to his responses to Request for Admission. (SUF 18)" Id. at p. 6 lns. 21-25.

On September 3, 2014, Plaintiffs filed an untimely Opposition to Defendants' Motion for Summary Judgment. Plaintiffs' counsel contended that Cruz's verified conclusive admissions were purportedly an "error." *See* (Docket 87-1, p. 5 ln. 13-p. 7 ln. 3)

On September 19, 2014, Defendants filed its Reply to its Motion for Summary Judgment. Defendants drew attention to Plaintiff Cruz's conclusive admission; putting Plaintiffs on notice that (1) the declaration of Plaintiffs' counsel was insufficient as Cruz verified the response and (2) in any event, a deemed admission can only be withdrawn by motion. Specifically, Defendants alerted Plaintiffs to the following:

"Furthermore, CRUZ already admitted in his request for admissions that COULTER, MAGANA and MORAN did not use any force on him. Despite Plaintiffs' counsel improper attempt to change a binding admission, Plaintiffs' counsel does not include an affidavit from CRUZ stating such. A

deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b). <u>Donovan v. Carls Drug Co.</u>, 703 F.2d 650, 652 (2d Cir.1983)" *See* (Docket 92, p. 5 lns. 6-13)

On November 10, 2014, Defendants and Plaintiffs submitted a joint exhibit list containing Plaintiff Cruz and Plaintiff Renteria's Request for Admissions. **Neither Plaintiff made any objection whatsoever to the introduction of the Requests for Admissions into evidence.** *See* (Docket No. 107)

On November 12, 2014, the parties appeared at the Pretrial conference wherein the Court filed the finalized pre-trial conference order as submitted.  In the pre-trial conference order, Defendants stated that would rely on "Plaintiffs' responses to discovery propounded by Defendants." *See* (Docket No. 105, p. 12 ln. 6)

On December 3, 2014, having signed verified responses conclusively establishing that no force was used against them, having been on notice of these binding admission for four months,  after the pre-trial conference, and having failed to file any motion to withdraw their conclusive admissions, Plaintiffs now seeks to withdraw their admissions in the middle of trial.

### III.   <u>LEGAL STANDARD</u>

Under Rule 36, a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the

scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either. Fed. R. Civ. P. 36(A)(1)

Evidence inconsistent with a Rule 36 admission is properly excluded. Fed. R. Civ. P. 36(b) advisory committee note (1970).

Under Rule 36(b), a matter admitted under Rule 36 is "conclusively established" unless the court, on *motion*, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding. Fed. R. Civ. P. 36 (B).

## IV.   ARGUMENT
### i.   PLAINTIFFS' ADMISSIONS ARE CONCLUSIVE BECAUSE PLAINTIFFS FAILED TO FILE A FORMAL NOTICED MOTION

An admission cannot be amended or withdrawn except by leave of court after noticed motion. FRCP 36(b); 999 v. C.I.T. Corp. 776 F2d 866, 869 (9th Cir. 1985). A formal motion to amend or withdraw is mandatory. Kalis v. Colgate–Palmolive Co., 231 F3d 1049, 1059 (7th Cir. 2000).

Here, Plaintiffs failed to file a noticed motion.  Filing of a motion is mandatory under Rule 36. Rather than filing a motion under Rule 36(b), Plaintiffs

CASE NO.: CV13-00834

inexplicably filed an Objection do Defendants' Request for Judicial Notice. *See* (Docket no. 127)  Plaintiffs' inexplicable filing of Docket No. 127 (which was in contravention to the court's orders) further confirms that relief from the admissions cannot be granted as Plaintiffs have failed to satisfy the **mandatory** requirement, a formal motion to amend. Therefore, Plaintiffs must not be allowed to withdraw or amend their admissions.

### ii.   PLAINTIFFS' ADMISSIONS CANNOT BE WITHDRAWN IN THE MIDDLE OF TRIAL BECAUSE PLAINTIFFS' DILATORY BEHAVIOR RENDERS ANY AMENDMENT UNTIMELY ESPECIALLY SINCE THE WITHDRAWAL IS SOUGHT IN THE MIDDLE OF TRIAL

Ninth Circuit courts must "be cautious in exercising their discretion to permit withdrawal or amendment of an admission." 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir.1985). This is especially appropriate where a plaintiff moves to withdraw an admission in the middle of trial. See id. ("Once trial begins, a more restrictive standard is to be applied in permitting a party to withdraw or amend an admission.").  A court should deny a plaintiff's motion to amend made when the failure to amend is due to the plaintiff's dilatory behavior. Id. at 869.

In C.I.T., the Ninth Circuit rejected C.I.T.'s argument that "it's motion to withdraw was not untimely, even though made in the middle of trial." Id.  At trial, CIT sought to introduce a letter which was contradictory to its admission. Id.  CIT moved to withdraw its admission; the trial court denied the motion. Id. CIT

claimed that "it was surprised by the trial court's decision" and that "it was not aware until that point in time [the middle of trial] of the need to have the admission withdrawn." Id.

The Ninth Circuit rejected this argument stating the following: "[t]his argument cannot be sustained. At the time of the pre-trial conference 999 raised its objection to the introduction into evidence of the September 23 letter on the express ground that it was inconsistent with CIT's admission of an agreement. CIT was fully aware of this objection and yet it failed to move to withdraw the admission prior to trial." Therefore, CIT's motion was untimely due to its dilatory conduct. Id.

*See also* Conlon v. United States, 474 F.3d 616, 621 & 626 (9th Cir.2007) (affirming the district court's denial of Conlon's motion to withdraw an admission made prior to trial when he could not show good cause for his "dilatory conduct" and "Conlon had fair warning of the consequences of his noncompliance" and the opposing side "twice advised Conlon that the admissions were deemed admitted.")

Here, Defendants based its arguments for summary judgment on Plaintiffs' admissions. When Plaintiffs' counsel improperly stated the admissions were due to error, Defendants submitted a Reply in September of 2014 informing Plaintiff of the conclusiveness of the admissions and of Plaintiffs' need to file a motion in

accordance with Rule 36(b) to withdraw the admission. Plaintiffs never filed any motion.

Additionally, when Defendants sought to introduce Plaintiffs' request for admissions as evidence in its exhibit list, Plaintiffs submitted no objections. Thereafter, the parties submitted a joint exhibit list on November 10, 2014. Additionally, having been on notice since at least September 2014 of the need to comply with Rule 36, Plaintiffs waited until the middle of trial to seek withdrawal of their admissions that the Defendants used no force against them. Indeed, both Plaintiff Cruz and Renteria testified under oath in front of the jury that they verified the requests for admissions.

Similar to <u>C.I.T.</u>, Plaintiffs contend that its motion is not untimely because "it was not aware until that point in time [the middle of trial] of the need to have the admission withdrawn." Similar to <u>C.I.T.</u>, this argument must be rejected. Plaintiffs were aware for four months of its need to withdraw or amend its admissions.  Similar to <u>C.I.T.</u>, Plaintiff knew testimony claiming Deputy Coulter, Magana, Fernandez, and Hunter used hit, kicked, and used forced against them would be inconsistent with their conclusive admissions. Plaintiff knew this for months. Yet, Plaintiffs inexplicably failed to move to withdraw their admissions until the middle of trial. Like <u>C.I.T.</u>, Plaintiffs' argument cannot be sustained.

Plaintiffs' argument also cannot be sustained due to the <u>Conlon</u> decision. Similar to <u>Conlon</u>, Plaintiffs show no good cause for their "dilatory conduct." The instant case is even stronger than <u>Conlon</u> because, unlike <u>Conlon</u>, Plaintiffs seeks to amend/ withdraw admissions during trial. As stated <u>supra</u>, **"[o]nce trial begins, a more restrictive standard is to be applied in permitting a party to withdraw or amend an admission."** <u>C.I.T. Corp.</u> 776 F.2d at 869. Consequently, because the facts are stronger than <u>Conlon</u>, no withdrawal or amendment should be allowed.

### iii. <u>PLAINTIFFS' ADMISSIONS CANNOT BE WITHDRAWN IN THE MIDDLE OF TRIAL BECAUSE DEFENDANTS HAVE RELIED ON THE ADMISSIONS  AND THE ADMISSIONS HAVE ALREADY BEEN INTRODUCED TO THE JURY</u>

Once trial begins, a more restrictive standard is to be applied in permitting a party to withdraw or amend an admission. <u>Id.</u>   This restrictive standard holds that withdrawal of an admission in the middle of trial prejudices a defendant even if the defendant was aware that the plaintiff contested the admitted fact. <u>Id.</u> (rejecting CIT's argument withdrawal of an admission would have resulted in no prejudice because the other party "was fully aware that CIT contested the existence of a finance agreement.")

Further, this restrictive standard also holds that withdrawal of an admission in the middle of trial prejudices a defendant even when the defendant offers proof other than the plaintiff's admission to support the alleged fact. <u>Id.</u> (rejecting CIT's

argument that "lack of prejudice is plainly shown by the fact that [the other party] was placing into evidence other proof of the existing of a financing contract.")

In <u>C.I.T.</u>, the Ninth Circuit held that evidence was properly excluded merely because (1) the record showed that 999 had relied on the admission and (2) the admission already had been shown to the jury. <u>Id.</u>

Additionally, in <u>Conlon,</u> the Ninth Circuit affirmed the district court's finding "**that withdrawal of the deemed admissions would prejudice the government when trial was imminent and "the government relied on the admissions for a total of two and a half months, through the discovery and dispositive motion cut-off dates, with no indication that Conlon intended to file a motion to withdraw his admissions.**" <u>Conlon</u>, 474 F.3d at 624.

Here, Defendants will be prejudiced if Plaintiffs withdraw their admissions in the middle of trial. Similar to <u>C.I.T.</u>, the record shows that Defendants relied on Plaintiffs' admissions as the admissions are part of Defendants' joint exhibit list. Further, in trial preparation, Defendant relied on the admissions as a fact already proved which Defendants did not have to prove.  Plaintiffs attempt to suddenly withdraw its admissions in the middle of trial—after Plaintiffs Cruz and Renteria already testified to the jury that they signed and verified their admissions—serves to prejudice Defendants.

Additionally, similar to <u>C.I.T.</u>, the evidence has been introduced to the jury. Evidence in contravention of these conclusive admissions, serves to create the impression that Defendants have acted in conniving or surreptitious fashion. This is untrue. Therefore, similar to <u>C.I.T.</u>, the withdrawal or amendment of the admission would prejudice Defendants.

The <u>Conlon</u> case further mandates that Plaintiffs' attempts to withdraw its admissions be denied. Whereas the defendant in <u>Conlon</u> relied on the admissions for two and a half months, through discovery, and through the dispositive motion dates, Defendants here have relied on the admissions for over five months, through discovery, through the dispositive motions dates, through pre-trial conference, through trial preparation and into the middle of trial.

Similar to <u>Conlon</u>, there has been no indication that Plaintiffs intended to file a motion to withdraw.  Indeed, after Defendants based its Motion for Summary judgment filed in August of 2014 on Plaintiffs admissions, Plaintiffs failed to file a motion in compliance with Rule 36. Additionally, when Defendants expressly informed Plaintiffs of the need to comply with Rule 36 in September of 2014, Plaintiffs still made no attempt to withdraw their admissions. In the middle of trial, after Plaintiffs testified to verifying their responses to Requests for admissions, Plaintiffs, unexpectedly, seek to withdraw admissions in the middle of trial. Therefore, because there was no indication that Plaintiffs would withdraw their

admissions, like <u>Conlon</u>, the withdrawal would prejudice Defendants. Therefore, Plaintiffs request to withdraw their admissions must be denied.

Indeed, the facts of the instant case are stronger than <u>Conlon</u>, due to Plaintiffs attempt to withdraw its admissions in the middle of trial.  Unlike <u>Conlon</u>, the trial is not "imminent," here, the trial is now.  If withdrawal was denied in <u>Conlon</u> with the less restrictive standard, than trial must be denied here with the more restrictive standard.

## V. **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs request made in the middle trial to withdraw or amend their admissions.  Furthermore, the Court should deny the request because Plaintiffs' inexplicably filed an Opposition to Defendants' Request for Judicial Notice.  Indeed, Defendants' are not sure of what to make of the Opposition given that issues such as the lawfulness of the arrest and probable cause to search have already been established.


**Dated: December 4, 2014**                **IVIE, McNEILL & WYATT**

                                 **By:    /s/ Rodney S. Diggs**
                                      **RICKEY IVIE**
                                      **RODNEY S. DIGGS**
                                      **Attorney for Defendant,**
                                      **COUNTY OF LOS ANGELES, et. al.**

CASE NO.: CV13-00834